UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW SIMPSON,

    Plaintiff,

v.                                         Case No. 8:09-cv-484-T-33MAP

GERARDI CONSTRUCTION, INC. and
PHILLIP GERARDI,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Plaintiff's Notice of Settlement (Doc. # 31) filed on April 27, 2010. The notice indicates only that "the parties have settled this matter." (Doc. # 31). However, as Plaintiff seeks relief under the Fair Labor Standards Act, additional information is needed before this Court can dispose of this case.

**Analysis**

The Eleventh Circuit ruled in <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1352 (11th Cir. 1982): "Congress made the FLSA's terms mandatory; thus, the provisions are not subject to negotiations or bargaining between employers and employees. FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purpose of the statute and thwart the legislative policies it was designed to effectuate." (Internal citations omitted).

In <u>Lynn's Food Store</u>, the employer sought judicial approval of private agreements it entered into with its employees to settle FLSA violations. Pursuant to the settlement agreements, the employees waived their rights to file FLSA claims in exchange for a small fraction of the back wages that the Department of Labor concluded that the employees were owed. Specifically, the employer offered only $1,000.00 to be divided between fourteen employees. The employees were not represented by counsel, and it was clear that the employees were not fairly compensated. Concerned about the unequal bargaining power between employers and employees, the Eleventh Circuit ruled that the agreements could not be approved absent supervision of the Department of Labor or a stipulated judgment entered by a court which has determined that the settlement is a fair and reasonable resolution of the FLSA claims. (Citations omitted).

Thus, a compromise of an employee's FLSA rights through a settlement of a lawsuit is subject to judicial scrutiny. <u>Id.</u> However, as stated in <u>Su v. Electronic Arts, Inc.</u>, 6:05-cv-131-Orl-28JGG, 2007 U.S. Dist. LEXIS 72961 (Aug. 29, 2007 M.D. Fla.), "Where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required." (Citing <u>Mackenzie v.</u>

Kindred Hosps. E., LLC., 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003)).

The parties have yet to advise the Court of the terms of the settlement, including whether Plaintiff was fully compensated for her hours worked and paid at least the minimum wage as defined by governing law. Accordingly, within twenty days of the date of this Order, the parties shall file a motion for approval of the settlement of this case consistent with the authorities outlined above. In the motion for approval of settlement, Plaintiff's counsel shall disclose the fees and costs that they will receive from Defendants.

Accordingly, it is

**ORDERED ADJUDGED and DECREED** that:

The parties shall file a motion for court approval of the settlement of this Fair Labor Standards Act case, as specified above, within twenty days of the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of April 2010.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record